E-Filed for Record
5/20/2015 4:01:50 PM
Jennifer Whittington, District Clerk
Kleberg County, TX
By: Jennifer Whittington

CAUSE NO. 15-251-D

| | | |
|---|---|---|
| AUBREY & SALLY BLACK | § | IN THE DISTRICT COURT |
| VS. | § | |
| | § | 105TH JUDICIAL DISTRICT |
| STATE AUTO PROPERTY & | § | |
| CASUALTY INSURANCE COMPANY | § | KLEBERG COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION WITH WRITTEN DISCOVERY ATTACHED

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs, Aubrey and Sally Black complaining of Defendant State Auto Property & Casualty Insurance Company and hereby respectfully show as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiffs, Aubrey and Sally Black, are individuals and residents of Kleberg County, Texas.

Defendant, State Auto Property & Casualty Insurance Company, a foreign insurance carrier, organized and existing under the laws of the State of Iowa and authorized to conduct business in Texas, may be served with process by serving its designated agent for service of process, Corporation Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.


EXHIBIT
A-1

### III. JURISDICTION AND VENUE

This Court has jurisdiction over this in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Kleberg County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county and the insured property that is the basis of this lawsuit is located in Kleberg County, Texas.

### IV. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### V. FACTS

Plaintiffs are the owners of insurance Policy No. HTX 0050740 issued by the Defendant (hereinafter, the "Policy"). Plaintiffs own the insured property located at 1015 E. FM 628, Riviera, TX 78379 (hereinafter, the "Property"). Defendant or its agents sold the Policy, insuring the Property, to Plaintiffs.

On or about April 30, 2014, the Property was totally lost due to fire. Plaintiffs submitted a claim to Defendant against the Policy for the total loss of the Property as a result of the fire. Defendant has assigned Claim Number PR-0000000-052814 to Plaintiffs' claim. Defendant assigned an adjuster to adjust the claim. Instead of properly, timely and efficiently investigating the claim, Defendant hired a private investigator to look into the personal lives of Plaintiffs, presumably in search of an improper basis upon which to base denial of the claim.

As a result of this improper investigation, payment to Plaintiffs under the Policy for the Liquidated Damages allowed for therein was substantially, improperly and unlawfully delayed. Furthermore, Plaintiffs were and continue to be prejudiced by the delay in payment of the Liquidated Damages, to wit, Plaintiffs have been forced to live in a trailer home and incur

additional expenses as a result thereof. Moreover, Defendants have wrongfully withheld payments due and owing to Plaintiffs under the Policy. Finally, and perhaps most egregiously, Defendant sent Plaintiffs' account to a collection agency for an alleged unpaid balance of $33.00.

Defendant's adjuster and/or Defendant failed to properly adjust the claims and Defendant has denied at least a portion of the claim without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. At least part of Plaintiffs' claim still remains unpaid.

From and after the time Plaintiffs' claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing Plaintiffs with respect to these causes of action.

Plaintiffs' experience is not an isolated case. The acts and omissions of Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VI. Causes of Action

### A.   Breach of Contract

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

According to the Policy, Defendant has the duty to properly investigate and pay Plaintiffs' policy benefits for claims made for covered damages, including additional benefits under the Policy.  Defendant failed to perform its contractual duty to properly investigate and adequately compensate Plaintiffs under the terms of the Policy.  Defendant has failed and refused to pay the full proceeds under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damages incurred by Plaintiffs and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs.  Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs. Plaintiffs have sustained the damages described herein as a result of this breach.

### B.   Violations of Section 542 of the Texas Insurance Code

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Defendant's acts, omissions, failures and conduct that are described in this petition violate the Texas Insurance Code.  Specifically:

1.   Defendant failed to meet its obligation under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated deadline.  Defendant's conduct

constitutes a violation of Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.055.

2.      Defendant failed to accept or deny Plaintiffs' full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.056.

3.      Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendant has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for their claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.058.

As a result of Defendant's failure to meet the obligations of the Texas Insurance Code, Plaintiffs have suffered the damages described herein.

C.      Violations of Section 541 of the Texas Insurance Code

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Section 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim and Defendant's failure to pay Plaintiffs' entire claim once liability had become

reasonably clear. They further include Defendant's failure to give Plaintiffs the benefit of the doubt. Specifically, Defendant is liable for the following unfair insurance practices:

1. Defendant misrepresented to Plaintiffs that Plaintiffs' damages were not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(1).

2. Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(2)(A).

3. Defendant failed to explain to Plaintiffs the reason for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. TEX. INS. CODE Section 541.060(a)(3).

4. Defendant failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

PLAINTIFFS' ORIGINAL PETITION                                                                                       PAGE 6

5.    Defendant failed to conduct a reasonable investigation.  Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE Section 541.060(a)(7).

Defendant has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing.  Defendant's conduct as described herein has resulted in Plaintiffs' damages that are described in this petition.

All of the above described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

**D.    DTPA**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs are consumers of goods and services provided by Defendant pursuant to the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE Section 17.41 *et. seq.* Specifically, Defendant's violations of the DTPA include, without limitation, the following matters:

1.    By its acts, omission, failures, and conduct that are described in the petition, Defendant has violated Section 17.46(b)(2), (5), (7), (9), (12) and (24) of the DTPA.  In this respect, Defendant's violations include, without limitation, (1) its unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim, (2) its failure to give Plaintiffs the benefit of the doubt, and (3) its failure to pay Plaintiffs' claim in its entirety once liability had become reasonably clear.

2.      Defendant represented to Plaintiffs that its insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that they did not have, which gives Plaintiffs the right to recover under Section 17.46(b)(5) of the DTPA.

3.      Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA.

4.      Defendant advertised its insurance policy and adjusting and investigative service with intent not to sell them as advertised in violation of Section 17.46(b)(9) of the DTPA.

5.      Defendant represented to Plaintiffs that its insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiffs the right to recover under Section 17.46(b)(12) of the DTPA.

6.      Defendant failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiffs into a transaction into which the Plaintiffs would not have entered had the information been disclosed, which gives Plaintiffs the right to recover under Section 17.46(b)(24) of the DTPA.

7.      Defendant has breached an express warranty that the damage caused by the fire would be covered under the Policy. This breach entitled Plaintiffs to recover under Sections 17.46(b)(12) and (19) and 17.50(a)(2) of the DTPA.

8.    Defendant's actions, as described in this petition, are unconscionable in that it took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.  Defendant's unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA.

Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

All of the above described acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages that are described in this petition and were done knowingly and intentionally as those terms are used in the Texas DTPA.

**E.    Breach of Duty of Good Faith and Fair Dealing**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

By its acts, omissions, failures and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiffs' entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.  Defendant has also breached this duty by unreasonably delaying payment of Plaintiffs' claim and by failing to settle Plaintiffs' claim because Defendant knew or should have known that it was reasonably clear that the claim was covered.

These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiffs' damages.

**F.      Fraud**

Defendant is liable to Plaintiffs for common law fraud. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion. The statements were made with the intention that they would be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

## VII. WAIVER AND ESTOPPEL

Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## VIII. DAMAGES

The above described acts, omissions, failures and conduct of Defendant has caused Plaintiffs' damages, which include, without limitation, consequential damages from Defendants' breach of contract. Plaintiffs are also entitled to recover the amount of their claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys' fees.

The total damages sought by Plaintiffs against Defendant exceed the sum of $200,000, but not $250,000, including exemplary and punitive damages, penalties, attorneys' fees, interests, and costs.

## IX. Additional Damages Under the DTPA

Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiffs are entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiffs are further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## X. Exemplary Damages

Defendant's breach of its duty of good faith and fair dealing owed to Plaintiffs was done intentionally, with a conscious indifference to the rights and welfare of Plaintiffs and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## XI. Attorneys' Fees

As a result of Defendant's conduct that is described in this petition, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this action. Plaintiffs are entitled to recover all attorneys' fees under Chapter 38 of the Texas Civil Practice and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XII. Jury Demand

Plaintiffs hereby demand that this matter be heard at trial by a jury and tender the requisite jury fee.

### XIII. WRITTEN DISCOVERY

Plaintiffs' Request for Disclosure, Requests for Production, and Interrogatories to Defendant are attached hereto and served herewith.

### XIV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs request the award of attorneys' fees and for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity to which they may show themselves to be justly entitled.

Respectfully submitted,

**FOWLER RODRIGUEZ**

By: _/s/ Timothy W. Strickland_
      Timothy W. Strickland
      State Bar No. 19396298
      Email: strick@frfirm.com
      4 Houston Center
      1331 Lamar Street, Suite 1560
      Houston, Texas 77010
      Telephone: (713) 654-1560
      Facsimile: (713) 654-7930

*Attorney for Plaintiffs Aubrey & Sally Black*

CAUSE NO. 15-251-D _____

| | | |
|---|---|---|
| AUBREY & SALLY BLACK | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | 105TH JUDICIAL DISTRICT |
| STATE AUTO PROPERTY & | § | |
| CASUALTY INSURANCE COMPANY | § | KLEBERG COUNTY, TEXAS |

## PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANT

To:     Defendant, State Auto Property & Casualty Insurance Company, through its agent for service of process, Corporation Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

Under Texas Rule of Civil Procedure 194, Defendant is requested to disclosure within 30 days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) – (l).

Respectfully submitted,

FOWLER RODRIGUEZ

By:     /s/ Timothy W. Strickland
        Timothy W. Strickland
        State Bar No. 19396298
        Email: strick@frfirm.com
        4 Houston Center
        1331 Lamar Street, Suite 1560
        Houston, Texas 77010
        Telephone: (713) 654-1560
        Facsimile: (713) 654-7930

*Attorney for Plaintiffs Aubrey & Sally Black*

CAUSE NO. _15-251-D_

| | | |
|---|---|---|
| AUBREY & SALLY BLACK | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 105TH JUDICIAL DISTRICT |
| | § | |
| STATE AUTO PROPERTY & | § | KLEBERG COUNTY, TEXAS |
| CASUALTY INSURANCE COMPANY | § | |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT

To:   Defendant, State Auto Property & Casualty Insurance Company, through its agent for service of process, Corporation Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

Plaintiffs, Aubrey & Sally Black, serve these interrogatories on Defendant, State Auto Property & Casualty Insurance Company, as allowed by Texas Rule of Civil Procedure 197. Defendant must answer each interrogatory separately, fully, in writing, and under oath, within 30 days after service.

Respectfully submitted,

**FOWLER RODRIGUEZ**

By:    /s/ Timothy W. Strickland   .
Timothy W. Strickland
State Bar No. 19396298
Email: strick@frfirm.com
4 Houston Center
1331 Lamar Street, Suite 1560
Houston, Texas 77010
Telephone: (713) 654-1560
Facsimile: (713) 654-7930

*Attorney for Plaintiffs Aubrey & Sally Black*

## DEFINITIONS

1. "Defendant" or "State Auto," "You," "Your," and/or "Yourself" means Defendant, State Auto Property & Casualty Insurance Company, and its agent, representatives, attorneys, and any other person or entity acting on behalf of it or any of the foregoing.

2. "Plaintiff" means Plaintiffs, Aubrey & Sally Black, and their agents, representatives, attorneys, and any other person or entity acting on behalf of them or any of the foregoing.

3. The "Property" means the residence(s) specifically described in Plaintiffs' Petition and which is the insured's property at issue in this Lawsuit.

4. The "Lawsuit" means the above-styled and numbered case.

5. "Party" or "Parties" shall mean any and/or all parties to the Lawsuit, including Plaintiff and/or any Defendant.

6. The "Petition" means Plaintiffs' Original Petition and/or any amendments and supplements thereto filed in the Lawsuit.

7. The "Policy" means Policy Number(s) issued by Defendant, which is the basis of this Lawsuit.

8. The word "Document" or "Documents" is used herein in its broadest sense to include any medium upon or with which information is recorded or preserved which belongs to, or is in or subject to the possession, custody or control of, any of the Parties named and defined hereinabove, by whomever generated or received, including without limitation; writings; printings; drawings; graphs; charts; notes; typewritings; photographs; slides; motion pictures; videotapes or cassettes; phonographs records; type or other mechanical recordings; computer records; electronic mail (e-mail -- whether in electronic form or printed on paper or in any other form); information storage devices; disks; or printouts; brochures; pamphlets; maps; surveys; calendars; contracts; interoffice communications; telephone recordings; ledgers; books; statements of account; journals; notices; letter; catalogs; canceled checks; bank statements; invoices; bills; diaries; purchase orders; memoranda of telephone communications; telegrams; telexes or "TWX's"; telecopies; drafts or preliminary versions of the foregoing; communications to or from any governmental or law enforcement sub-division, officer, or agency; and, any other instrument, writing, recording, or data compilation of any nature whatsoever, including any carbon, photographic, microfilm, or other type of copy of such items, if such copy is different from the original by reasons of any markings, additions, commentaries, revisions, deletions, or substitutions. This definition requires you to search for and produce electronic Documents.

9. The term "person" as used herein shall mean and include an individual, sole proprietorship, association, firm, partnership, joint venture, corporation, board,

committee, agency, commission, or any other legal entity of any type for any purpose whether public or private.

10. The terms "reflecting" or "evidencing," when used in reference to a certain subject or thing as used herein, shall mean and include to reflect, to evidence, to mention, to discuss, to describe, to explain, to embody, to constitute, or to include that subject or thing.

11. The term "correspondence" means the written or unwritten transmittal of information or data in the form of facts, ideas, inquires or otherwise, including but not limited to e-mails, text messages, instant messages, written Documents, facsimile, saved computer data, and audio and video recordings.

12. "Meeting" means any encounter between two or more persons during which an oral or written communication occurred and includes, but is not limited to, formal and informal gatherings, conversations and telephone conversations.

13. The term "communicate" or "communication" shall mean (a) every manner or means of communication, disclosure, transfer, or exchange of information and, (b) every communication, disclosure, transfer, or exchange of information, whether made or accomplished orally or by Document, whether in person, by telephone, mail, e-mail, facsimile, personal delivery, or otherwise, Communication includes, but is not limited to, all agreements.

14. The term "or" as used herein shall mean and include "and" or "and/or".

15. The term "all" as used herein shall mean "any" and "all".

16. The term "including" as used herein shall mean "including but not limited to".

17. The term "fact" as used herein shall include, without limitation, every relevant matter, occurrence, act, event transaction, occasion, meeting, Document, instance, circumstance, recitation, writing, or other happening.

18. Certain other terms may be defined within the discovery requests herein.

### FIRST SET OF INTERROGATORIES

1.  State the name, address, telephone number, and position or job title of all persons answering these interrogatories.

2.  If you contend that any conditions precedent to Plaintiff's recovery have not been met, whether said conditions be stated in the insurance policy or required by law, please state what conditions have not been met and describe the factual bases for such contentions.

3.  List the date(s) Defendant requested Plaintiff to provide any of the named defendants in this Lawsuit with requested information which Defendant contends was required in order to properly evaluate Plaintiff's claim(s).

4.  List the date(s) Defendant received Plaintiff's notice of claim(s) for coverage for property damages and the date(s) Defendant first acknowledged Plaintiff's notice of claim(s) and in what form the notice of claim was submitted.

5.  If you contend that Plaintiff did not provide you with requested information which you contend was required in order to properly evaluate Plaintiff's claim(s), please state what information was requested and not provided and the dates of such alleged requests.

6.  State the name, address, telephone number, and job title or position of all persons who investigated, reviewed, handled, or made decisions regarding Plaintiff's claim(s). For all such persons who are no longer employees, agents, or representatives of any defendant, please so indicate and provide the person's last known address and telephone number.

7.  State every basis, in fact and in the terms of Plaintiff's Policy, for Defendant's denial and/or recommendation of denial of Plaintiff's claim(s) under the Policy.

8.  State every basis, in fact and in the terms of Plaintiff's Policies, for Defendant's failure to pay for Plaintiff's full damage claim(s) under the Policy.

9.  State every basis, in fact and in the terms of Plaintiff's Policy, for the amount of money Defendant has either paid or offered to pay, if any, for Plaintiff's claim(s) under the Policy.

10. State the cause number, style, and court for each lawsuit filed against Defendant in the last five years alleging misconduct, improper claims handling, bad faith, violations of Texas Insurance Code §541.060 et seq or violation of Texas Insurance Code §542.055 et seq. in the handling of first party claims for property damage coverage under homeowners' insurance policies.

11. State the legal theories and describe the factual bases for your contention, if you so contend, that Defendant fully complied with each of the claims handling requirements codified in Texas Insurance Code §541.060.

12. State the legal theories and describe the factual bases for your contention, if you so contend, that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.055.

13. State the legal theories and describe the factual bases for your contention, if you so contend, that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.056.

14. State the legal theories and describe the factual bases for your contention, if you so contend, that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.058.

15. For each investigation by a Texas governmental agency within the last five years into Defendant's practices when handling first party claims for property coverage under homeowners' policies, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant communicated for purposes of the investigation.

16. Identify by name, address, and telephone number, all persons or entities, agency or agents, and brokers that have issued Plaintiff's Policy.

CAUSE NO. _15-251-D_____

AUBREY & SALLY BLACK       §

VS.       §

STATE AUTO PROPERTY &       §
CASUALTY INSURANCE COMPANY       §

IN THE DISTRICT COURT

105TH JUDICIAL DISTRICT

KLEBERG COUNTY, TEXAS

### PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION TO DEFENDANT

To:    Defendant, State Auto Property & Casualty Insurance Company, through its agent for service of process, Corporation Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

Plaintiffs, Aubrey & Sally Black, serve this request for production on Defendant, State Auto Property & Casualty Insurance Company, as allowed by Texas Rule of Civil Procedure 196. Defendant must produce all requested documents (as they are kept in the ordinary course of business or organized and labeled to correspond with categories in each request) for inspection and copying, not more than 30 days after service.

Respectfully submitted,

FOWLER RODRIGUEZ

By:    _/s/ Timothy W. Strickland_____
       Timothy W. Strickland
       State Bar No. 19396298
       Email: strick@frfirm.com
       4 Houston Center
       1331 Lamar Street, Suite 1560
       Houston, Texas 77010
       Telephone: (713) 654-1560
       Facsimile: (713) 654-7930

*Attorney for Plaintiffs Aubrey & Sally Black*

## DEFINITIONS

1.   "Defendant" or "State Auto," "You," "Your," and/or "Yourself" means Defendant, State Auto Property & Casualty Insurance Company, and its agent, representatives, attorneys, and any other person or entity acting on behalf of it or any of the foregoing.

2.   "Plaintiff" means Plaintiffs, Aubrey & Sally Black, and their agents, representatives, attorneys, and any other person or entity acting on behalf of them or any of the foregoing.

3.   The "Property" means the residence(s) specifically described in Plaintiffs' Petition and which is the insured's property at issue in this Lawsuit.

4.   The "Lawsuit" means the above-styled and numbered case.

5.   "Party" or "Parties" shall mean any and/or all parties to the Lawsuit, including Plaintiff and/or any Defendant.

6.   The "Petition" means Plaintiffs' Original Petition and/or any amendments and supplements thereto filed in the Lawsuit.

7.   The "Policy" means Policy Number(s) issued by Defendant, which is the basis of this Lawsuit.

8.   The word "Document" or "Documents" is used herein in its broadest sense to include any medium upon or with which information is recorded or preserved which belongs to, or is in or subject to the possession, custody or control of, any of the Parties named and defined hereinabove, by whomever generated or received, including without limitation; writings; printings; drawings; graphs; charts; notes; typewritings; photographs; slides; motion pictures; videotapes or cassettes; phonographs records; type or other mechanical recordings; computer records; electronic mail (e-mail – whether in electronic form or printed on paper or in any other form); information storage devices; disks; or printouts; brochures; pamphlets; maps; surveys; calendars; contracts; interoffice communications; telephone recordings; ledgers; books; statements of account; journals; notices; letter; catalogs; canceled checks; bank statements; invoices; bills; diaries; purchase orders; memoranda of telephone communications; telegrams; telexes or "TWX's"; telecopies; drafts or preliminary versions of the foregoing; communications to or from any governmental or law enforcement sub-division, officer, or agency; and, any other instrument, writing, recording, or data compilation of any nature whatsoever, including any carbon, photographic, microfilm, or other type of copy of such items, if such copy is different from the original by reasons of any markings, additions, commentaries, revisions, deletions, or substitutions. This definition requires you to search for and produce electronic Documents.

9.   The term "person" as used herein shall mean and include an individual, sole proprietorship, association, firm, partnership, joint venture, corporation, board,

committee, agency, commission, or any other legal entity of any type for any purpose whether public or private.

10. The terms "reflecting" or "evidencing," when used in reference to a certain subject or thing as used herein, shall mean and include to reflect, to evidence, to mention, to discuss, to describe, to explain, to embody, to constitute, or to include that subject or thing.

11. The term "correspondence" means the written or unwritten transmittal of information or data in the form of facts, ideas, inquires or otherwise, including but not limited to e-mails, text messages, instant messages, written Documents, facsimile, saved computer data, and audio and video recordings.

12. "Meeting" means any encounter between two or more persons during which an oral or written communication occurred and includes, but is not limited to, formal and informal gatherings, conversations and telephone conversations.

13. The term "communicate" or "communication" shall mean (a) every manner or means of communication, disclosure, transfer, or exchange of information and, (b) every communication, disclosure, transfer, or exchange of information, whether made or accomplished orally or by Document, whether in person, by telephone, mail, e-mail, facsimile, personal delivery, or otherwise, Communication includes, but is not limited to, all agreements.

14. The term "or" as used herein shall mean and include "and" or "and/or".

15. The term "all" as used herein shall mean "any" and "all".

16. The term "including" as used herein shall mean "including but not limited to".

17. The term "fact" as used herein shall include, without limitation, every relevant matter, occurrence, act, event transaction, occasion, meeting, Document, instance, circumstance, recitation, writing, or other happening.

18. Certain other terms may be defined within the discovery requests herein.

## FIRST REQUESTS FOR PRODUCTION

Please produce the following documents or tangible things and/or answer the following interrogatories, as applicable:

1.   A complete, certified copy of the insurance Policy(s) in effect on the date of Plaintiff's claim(s).

2.   The entire claims investigation files generated and maintained by Defendant in the ordinary course of business pertaining to Plaintiff's claim(s) making the basis of this lawsuit.

3.   Your entire claim file regarding the Property.

4.   All training and educational materials which instruct claims adjusters or claims handlers in handling claims for property damage coverage under homeowners' insurance policies in Texas.  This request is limited to the last five (5) years.

5.   All training and educational materials which instruct claims adjusters or claims handlers in handling claims for coverage of property damage claims under homeowners' insurance policies in Texas.  This request is limited to the last five (5) years.

6.   All procedure or policy manuals or guides meant to guide and assist claims adjusters or claims handlers in handling claims for property damages, including the criteria for and the process for evaluating whether coverage exists under homeowners' policies in Texas. This request is limited to the last five (5) years.

7.   All procedures or policy manuals or guides meant to guide and assist claims adjusters or claims handlers in handling claims for property and water damage to the house, including the criteria for and the process for evaluating whether coverage exists under homeowners' insurance policies in Texas.  This request is limited to the last five (5) years.

8.   All communications and documents, including electronic, between Defendant and Plaintiff regarding Plaintiff's claim(s).

9.   All communications and documents, including electronic, between Defendant and any third party regarding Plaintiff's claim(s).

10.  All communications and documents, including electronic, between Defendant's business departments including all persons part of the Defendant's company regarding Plaintiff's claim(s).

11.  All photographs, diagrams, drawings, or other graphic depictions of Plaintiff's and/or the Property.

12. Any and all documents, reports, estimates, data, emails, notes, photos, videos, manuals, guides, and summaries regarding the insurance claim(s) made the basis of this Lawsuit, including but not limited to all estimates prepared by all claims adjusters of Defendant regarding the Property and all reports prepared by all engineers hired by Defendant to inspect, test, or observe the Property.

13. All reports and other documents from governmental agencies or offices regarding Plaintiff's Property or containing officially kept information regarding Plaintiff's Property.

14. Any and all claims files and claim reports, including but not limited to notes, emails, data, photos, videos, manuals, guides, summaries and claim documents, regarding all homeowner insurance claims made by Plaintiffs under their homeowner insurance policies, specifically regarding damage to the exterior and interior of Plaintiff's property. This request is limited to the last ten (10) years.

15. Any and all records and/or documents explaining criteria utilized to qualify vendors for the "approved vendor list."

16. All documents including reports, estimates, data, emails, testing, sampling, videos and photographs received by Defendant from any source regarding inspections of Plaintiff's property.

17. Any and all records Defendant received, including those obtained by way of deposition by written questions, regarding Plaintiff's Property.

18. Any and all records or documents Defendant has reviewed and/or obtained regarding Plaintiff's Property.

19. Any and all claims files Defendant has reviewed and/or obtained regarding Plaintiff's Property.

20. Any and all records or documents Defendant has reviewed and/or obtained by third parties regarding Plaintiff's Property.

21. All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling first party insurance claims, and/or avoiding charges of bad faith. This request is limited to the last five (5) years.

22. All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property and water damage under homeowner insurance policies in Texas. This request is limited to the last five (5) years.

23.   All material meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §541.060 *et seq.* This request is specifically limited to the last five (5) years.

24.   All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §542.055 *et seq.* This request is specifically limited to the last five (5) years.

25.   Any and all materials, documents, statements and/or files that demonstrate Defendant's net worth and Defendant's net income. This request is limited to the last five (5) years.

26.   Any and all materials, documents, statements and/or files that reflect complaints and/or lawsuits, filed by insureds against Defendant regarding the handling, review and/or adjusting of homeowner claims in Texas. This request is limited to the last five (5) years.

27.   A copy of each advertisement Defendant has used, published and/or distributed, through any means, in Texas. This request is limited to the last five (5) years.

28.   Any and all reference materials, handouts, manuals, outlines, articles, and/or documents used or relied upon by Defendant to conduct any seminars and/or continuing education classes for Defendant's employees and/or adjusters, regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, and property damage and water damage claims in Texas. This request is limited to the last five (5) years.

29.   Any and all materials, handouts, manuals, outlines, articles and/or documents issued by Defendant's to claims representatives and/or adjusters, or received by claims representatives and/or adjusters, or relied upon by claims representatives and/or adjusters, pertaining to the adjuster and/or handling of homeowner insurance claims in Texas. This request is limited to the last five (5) years.

30.   Any and all reference materials, handouts, manuals, outlines, articles, and/or documents distributed and/or disbursed to Defendant's employer, employees, agents and/or representatives in connection with attendance at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims in Texas, within the last five (5) years.

31.   Any and all material reflecting Defendant's attendance policies for adjusters and claims representatives at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowners insurance claims in Texas. This request is limited to the last five (5) years.

32.   Any and all materials, documents, files and/or reports sent to Defendant by its employees, agents and/or representatives on a monthly, weekly, or daily basis regarding Plaintiff's claim(s). Include any and all field notes and summaries of the room-by-room scope of Plaintiff's property.

33. Any and all materials, documents, files and/nr reports containing list(s) of contractors and engineering companies that have been approved and/or recommended for performance of services for Defendant in Texas, specifically related to homeowner insurance claims. This request is limited to the last five (5) years.

34. Any and all computer programs, electronic data, documents and/or manuals used by the adjusters and claims representatives to perform property damage and water damage estimates relating to homeowner insurance claims in Texas, including a complete copy of the computer program used to adjust Plaintiff's claim(s). This request is limited to the last five (5) years.

35. Any and all reference materials, handouts, manuals, outlines, articles and/or documents that have been distributed by and/or disbursed to Defendant regarding the price estimates of contractors and changes of those estimates within different geographical areas of the State of Texas. This request is limited to the last five (5) years.

36. Any and all material, documents, files and/or reports of contractors and engineering companies that have been approved and/or recommended fnr performance of services for Defendant in Texas. This request is limited to the last five (5) years.

37. Any and all materials, documents, files, invoices, and/or reports nf any and all contractors and engineering companies retained to investigate, inspect, and/or evaluate Plaintiff's claim(s) that are the subject of this lawsuit, prepared on behalf of the Defendant.

38. Any and all materials, documents, files, invoices, and/or reports of any and all contractors and engineering companies retained to investigate, inspect, and/or evaluate claims similar in nature to Plaintiff's claim(s) asserted in this lawsuit, prepared on behalf of Defendant. This request is limited to insured properties located in the State of Texas. This request is limited to the last five (5) years.

39. Any and all activity logs relating to Plaintiff's claim(s) for property, contents, and loss of use claims, to their Property, specifically the claim(s) made the basis of this Lawsuit.

40. Any and all documents reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions Defendant contends applied to Plaintiff's claim(s).

41. Any and all organizational charts for Defendant.

42. Any and all organizational charts or diagrams for each department, unit, or section of Defendant to which Plaintiff's claim(s) was assigned. This request is limited to the last five (5) years.

43. Any and all charts or diagrams reflecting the chain of command or supervisory hierarchy relating to each person involved in handling Plaintiff's claim(s).

44.   Any and all documents reflecting or relating to Defendant's decisions to pay or deny additional expenses to or on behalf of Plaintiff in this case.

45.   Any and all records reflecting payment to Plaintiff concerning Plaintiff's claim(s) made the basis of this suit.

46.   Any and all documents, including correspondence and checks, exchanged between Defendant and any and all vendors concerning Plaintiff's claim(s).

47.   Any and all documents relating to or reflecting referrals of vendors to Plaintiff.

48.   Any and all advanced or specialized certifications of personnel who inspected, investigated, and/or supervised the adjusting of the claim(s) pertaining to Plaintiff's Property.

49.   Any and all documents, including contracts, rules, guidelines and/or instructions exchanged between Defendant, Plaintiff, and any other entities with whom Defendant worked or communicated regarding Plaintiff's Property.

50.   All physical and/or tangible items and/or potentially usable evidence obtained by or on behalf of Defendant from the Property.

51.   Any and all indemnity agreements between Defendant and any other person, entity, firm, or corporation against which a claim of indemnification might be brought because of the facts in this lawsuit.

52.   Any and all complaint policies and procedures of Defendant regarding the handling of complaints made by homeowner insureds.  This request is limited to the last five (5) years.

53.   Copies of all job descriptions of employees that adjusted or in any way supervised the handling of Plaintiff's claim(s) regarding the Property.

54.   All non-privileged e-mails regarding the investigation, adjusting and/or handling of the claim(s) made the basis of this Lawsuit.

55.   All e-mails between Defendant's adjusters, engineers, supervisors, officers, and/or executives regarding changes in the educational programs relating to the handling of property damage and water damage claims.

56.   True and complete copies of all billing records from any and all adjusters and engineers regarding the claim(s) made the basis of this Lawsuit.

57.   True and complete copy of activity logs filed by the staff and adjusters on the file.

58. Any and all reports, documents or correspondence containing the names and locations of all adjusters who have worked on this file to the present.

59. True and complete copies of all billings on the file from the adjusters, including the time sheets or documentation used to justify the billing.

60. Any and all reports, documents or correspondence reflecting the reserving and payment history of indemnity, expenses and vendors on this file including but not limited to dates, changes, and requests made by adjusters. This request is limited to the last five (5) years.

61. Any and all correspondence and lawsuits concerning the issues of honesty, conflict of interest, criminal actions, past criminal records, criminal conduct, fraud investigation and/or inappropriate behavior of any person associated with the handling of claims files, of management of property damage, including staff and vendors.

62. Any and all reports, documents or correspondence reflecting the history of payment and reserves on this file.

63. Copies of front and back of all checks paid under the insurance Policy issued by Defendant for which an insurance claim was filed by Plaintiff that forms the basis of this Lawsuit. (Specifically, the insurance policy in effect during the time of the insurance claim).

64. Copies of the front and back of all checks paid in the insurance claim made the basis of this Lawsuit.

65. Copies of the front and back of each negotiated check(s) made payable solely or co-payable to Plaintiff under the insurance Policy issued by Defendant for which an insurance claim was filed by Plaintiff that forms the basis of this Lawsuit. (Specifically, the insurance policy in effect during the time of the insurance claim).

66. Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiff regarding the insurance claim made the basis of this lawsuit.

67. Copies of the front and back of each check made payable solely or co-payable to Plaintiff under the insurance Policy issued by Defendant for which an insurance claim was filed by Plaintiff that forms the basis of this Lawsuit. (Specifically, the insurance policy in effect during the time of the insurance claim).

68. Copies of the front and back of each check made payable solely or co-payable to Plaintiff regarding the insurance claim made the basis of this lawsuit.

69. Studies commissioned by Defendant including any done by a law firm to analyze your claim(s) management strategies and/or to help you improve corporate profits.

70.   If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a description of the documents withheld, the number of documents, and the privilege which Defendant claims properly precludes the information from being discovered.